UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL HOFFMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00174-JMS-MKK |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Summarily Dismissing Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Michael Hoffman pled guilty to a drug offense and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g). *United States v. Hoffman,* 3:16-cr-00059-RLY-MPB (S.D. Ind. 2018) (Crim. Dkt. 68 at 14). Petitioner is serving the resulting sentence, at the United States Penitentiary, Terre Haute, which is located in the Southern District of Indiana. In this case, Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (or as he puts it "any conceivable vehicle … or any other workable habeas pleading."). He argues that § 922(g), the statutory provision that prohibited him from possessing a firearm, violates his God given right to possess a firearm. For the reasons explained below, Mr. Hoffman is not entitled to relief, and his petition is **denied**.

**I. Preliminary Review**

Mr. Hoffman's petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)); see 28 U.S.C. § 2243. If so, Rule 4 directs that the petition must be summarily dismissed.

A federal court may issue a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

Mr. Hoffman's theory of relief is that his "conviction is unconstitutional due to the undeniable fact that because Petitioner is a citizen of the United States of America, born and raised in Evansville Indiana, who[se] ancestors legally immigrated from Germany, his God given rights to keep and bare arms were stripped from him, by a domestic entity, without denouncing his country of birth." Dkt. 1 at 2. But Mr. Hoffman may not bring this challenge to the constitutionality of his firearm conviction at this time under "any conceivable vehicle."

He waived his right to file a direct appeal and motion pursuant to 28 U.S.C. § 2255. Crim. Dkt. 68 at 14-15. And, his challenge does not fit within the saving clause of § 2241.

## II. Section 2241 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Id.* (*citing e.g.*, *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1]

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

### III. Discussion

Given the limited review available in a § 2241 petition, the first step in this case is to determine whether Mr. Hoffman has presented a claim based on a new case of statutory interpretation that was previously unavailable and applies retroactively. He has not. A challenge based on the Second Amendment was available throughout his criminal case and on direct appeal. In the absence of a novel development, Mr. Hoffman's claim cannot fit within the savings clause

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

and this action must be dismissed with prejudice. *See United States v. Gonzalez,* 2022 WL 4376074 (7th Cir. 2022) (dismissing direct appeal finding challenge to the constitutionality of § 922(g)(1) would be frivolous because there is no authority to support an argument that someone in defendant's position historically had the right to possess a gun).

### IV. Conclusion

Mr. Hoffman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

Following the filing of the Judgment, the **clerk is directed** to re-docket the Notice of Appeal submitted on April 5, 2023, dkt [2], as a Notice of Appeal.

**SO ORDERED.**

Date: 4/6/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL HOFFMAN
15651-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808